Good morning, your honors. I would like to reserve three minutes of rebuttal. You can try. May it please the court, Jordan Ludwig of Bleacher, Collins, Peppermint & Joy representing Brown plaintiffs. Your honors, this case is about defining the relationship between the National Football League Players Association, NFL Players, Inc., the licensing subsidiary of the NFLPA, and retired National Football League players. More specifically, the court must determine whether creating an illusion of representation for years, if not decades, gives rise to a fiduciary obligation. Counsel, before you begin, I'm curious about something. You stipulated that you agree to be bound by our decision in grant. Doesn't that mean if we affirm grant, this case is rendered moot? Yes, your honor. But that seems inconsistent with your view. Grant dealt with agency only. You are claiming that there's a broader fiduciary duty in this case. Isn't that inconsistent with your stipulation? No, your honor. In the grant appeal as well, we also raised a broader theory of fiduciary duty as a matter of fact. That was not raised in the district court. As we discuss in our brief, even though it's a new argument, it's consistent with an argument that we made, which is that a fiduciary duty was owed. Did you make that standing alone, freestanding fiduciary duty argument in the Brown case? Yes, your honor. It was included in both briefs. In the Brown appeal, we submitted that the predominance requirement was satisfied under both the fiduciary duty as a matter of fact. Did you make that argument to the district court? No, your honor. The argument was raised. So didn't you waive that argument? We would submit that the argument was not waived, your honor. As this court pointed out in the Thompson v. Runnels case pretty recently last year, new arguments are not necessarily waived on appeal, and that's on page 1098 of that decision. And the reason that the argument is not waived is because it's consistent with a theme, and it's consistent with a claim, which is breach of fiduciary duty. But they're really different claims. Can you point to any California case that supports a freestanding fiduciary duty claim in these circumstances? I'm unsure what you mean by freestanding. You mean formed as a matter of fact rather than formed by operation of law? What I'm talking about is a fiduciary duty by virtue of membership alone. No, your honor. I don't think we have any specific case stating that membership can form a fiduciary duty, but the Adderley case is extremely similar to this case, and there they found a fiduciary duty. But in the Adderley case, as I understand it, by definition in that class action, every player had signed the group licensing agreement, and by virtue of that had manifested his assent to the Players Association representation of them for group licensing arrangements. That's correct, your honor. In the Adderley case, the class was limited to players who had signed the group licensing authorization form. But, and I think this is really what's at the heart of our case, is that the NFLPA did not treat players who signed group licensing authorization forms any different than mere members in the NFLPA. And we would submit that if the NFLPA did not treat them differently, the court shouldn't either. I think this is most clearly illustrated in the deposition of Doug Allen that was taken during the Adderley case. And in that, he's asked, who did you represent? He says, first, we represented players who signed group licensing authorization forms. Second, we represented players who were members in the NFLPA. And third, we represented players who we were merely in contact with or had the ability to reach. We think that the players here were treated exactly the same as the players... Aren't we edging into Grant now? I thought this was Brown, which is the class action case, right? Yes, your honor. And you're talking about Grant. I mean, you're bound by Grant. If we're affirming Grant, there's no case, and that's it for Brown, too. But I thought the issue in this case was class action certification. It is, your honor. And I'm sorry if I'm going astray. It's just the nature of the questions, I think, requires us to... And the facts of the cases both overlap so much. Well, the district court said here it meets most of the requirements for class action certification, except that there are key issues that have to be individually determined. And as I understand it, the issue that needs to be individually determined, assuming there's an issue at all, and that's what Grant would decide, and we'll talk about that in a minute, the question is whether or not the question of reliance, the question of harm to the individual players, whether that is something that can be determined as a matter of class action. I thought it seemed perfectly obvious, at least it seemed perfectly clear to me, that the district court, within Judge Klosner, was perfectly right. I mean, the questions of reliance can't be determined on a class basis. Some people rely, and some people don't rely. Some people have damage. Some people don't have damage. And I don't see how you can meet those requirements. Your honor, I understand that concern. And for that reason, we have not, we didn't challenge the ruling as it pertains to agency by estoppel, and that's the only theory of agency that requires a showing of reliance. Judge Klosner's holding in the district court, in addition to the agency by estoppel theory, held that for an express agency relationship or an agency implied by conduct, you would need to determine each individual's manifestation of consent in order to find if there's a claim. Why isn't that right? The reason that that's not right is because our theory is that- I mean, it's by conduct. Isn't conduct inherently individual? Not necessarily, your honor. And here's why we believe that, at least for purposes of class certification, Judge Klosner made improper findings of fact. He held that an individual joining the NFLPA, who held himself out as the representatives of these retired players, held that joining the NFLPA could not constitute a manifestation of consent. We would submit that that's an improper finding of fact on a motion for class certification. Now, it may very well be, in summary judgment or in trial, a jury held that, no, joining the NFLPA is not a sufficient manifestation of consent to establish an agency. Put that aside. What about damages? Aren't damages individual? Some players did. Some players didn't have. I mean, some of them may not have shown up in a single video game. That's fair enough, your honor. And that argument exactly was rejected in the Adderley case. And this court has held in the labor-verse-med-line case that individualized- I'm sorry, that's the Ninth Circuit ruling? Yes, your honor. It was decided last year. It was an opinion by Judge Gregersen. It held that individualized damages determinations cannot defeat certification in this circuit. And the Supreme Court held the same thing in Wal-Mart's Storrs v. Dukes. They said that individualized monetary claims belong in Rule 23b-3. Unless the damages study under Comcast is not tethered to any theory of liability, and that's the point that Judge Gregersen made in the Lava case, unless the damages theory is not tethered to the theory of liability, damages issues cannot defeat class certification in this circuit, and we would submit in any circuit. Let me turn to another issue here, your honor. The part of your predominance argument focuses on the fact that the district court reached the merits of your claim. Under the Amgen case, isn't some consideration of the merits appropriate in trying to determine class certification? It's not exactly clear. The cases are clear that the court may probe the merits to the extent it's necessary to decide class certification, but stating as a matter of fact that membership in the NFLPA cannot determine consent, we would think is finding a fact that's best left for the jury. If we had some evidence that we could present to the jury that it was a manifestation of consent, we would never have the opportunity to do that because of the court's ruling on class certification, and that would apply to every single class member, and I think that's part of the point of the Amgen case, and one of the things that the Sixth Circuit recently held in the front-loading washers case, which is that the defendants here in the district court have pointed to a fatal similarity of proof, not a fatal dissimilarity between what the class members have to prove, and the test is really whether or not common proof exists. It's not whether or not the facts themselves could be established. It's whether or not there is common proof, and that's the real test as we read Amgen and as we read Walmart behind the class certification inquiry. Counsel, can I ask you another question about predominance of the law in this case? What conduct by defendants warrants us determining that California law would apply to the entire case? I understand that that's a dicey issue, and we would stipulate on appeal that California law itself could not apply to every class member. We think that the NFLPA clearly has contacts and significant contacts with California, but I don't think that it has contacts with the claims of every class member. That being said... Give me a factual example of what type of claim about each class member you're talking about that would undermine California law. For example, we would submit that California, or at least a state, has a stronger interest. For example, an NFL player who's currently living in Texas. California might have some interest in that player's breach of fiduciary duty, but unlike cases such as the Maza case, the NFLPA is not based here. But don't we look at the defendant's conduct? Yes, Your Honor. You must look at the defendant's conduct, and there are contacts. For example, the Adderley case was tried here. All of these players mostly played in California at one time or another, whether or not they were part of the Raiders or part of the Chargers. And if they weren't, they certainly came to California to play. But whether or not we apply California law, any variance in state law does not per se defeat class certification. That can be resolved by subclasses. And, for example, in Maza, there were enormous differences in the law. For example, some states' unfair trade practices had a SIENTA requirement. Some states required reliance when others didn't. Some states just banned class actions for their unfair trade practices. And that defeated certification there. But as Judge Nelson pointed out in her very potent dissent in that, Maza has significant, significant problems, and it's already been distinguished and called into doubt by the district court. Let me get back to your theories of liability. You said the district court only considered the implied agency theory, right? Yes, the express agency through conduct. Yes, Your Honor. And what theory do you think the district court did not consider or the district court that doesn't require individual reliance? Well, we would submit that both don't require the express agency, but the new theory that we've proffered on appeal is that, in addition to forming a fiduciary relationship by operation of law through the agency relationship, the parties form the fiduciary duty as a matter of fact through the conduct of the parties. But if you didn't raise this below, aside from any waiver argument, how do we have a district court determination to review? How do we have an exercise of discretion by the district court on which we can act? There is no district court record for Your Honors to consider. However, they're based on the same exact facts. The question is whether or not these same facts that were presented to the district court form an agency? Well, we asked the district court to do one thing, and then you now want to force the district court on appeal for not doing something else, which you didn't ask it to do. So it hardly seems appropriate, doesn't it? I mean, doesn't the district court have a certain amount of discretion that we review? And in order for the district court to exercise the discretion, doesn't the issue have to be presented to the court? I mean, the district judge might say, well, wait a minute. How did I get reversed on this? You know, this was never presented to me. I mean, you'd be embarrassed to go back there and face that district judge, wouldn't you? Of course, Your Honor. But it's not unprecedented for parties to raise new arguments on appeal, and it's not unprecedented. I understand that that's the way of arguing. Now I'm asking a different question. How can we do it without having – how can we review something that the district court didn't do? When if you'd raised the question, it would have exercised discretion, then we can see how the district court exercised discretion. If Your Honors were not inclined to review it, we would at least ask whether the panel felt that there was a colorable argument that could be remanded to the district court for the district court's consideration. Okay, you've got about a minute left. Thank you, Your Honor. We'll round it up to a full minute. How's that? Thank you very much. Your alma mater brings out the generosity. Thank you. But only if you sit down. If you don't sit down. I'll observe the remainder of my time for rebuttal. There we go. Okay. We'll hear from opposing counsel. Good morning. May it please the court. I'm Dan Schechter of Latham Watkins. I represent the NFL Players Association and NFL Players, Inc. With me is my colleague, James Moon, also of the firm. We'll focus on the Brown decision on class certification, although as the court has already observed and I share counsel's comment, it is hard to separate the two because you have an inherent tension and an irreconcilable one. Didn't the district court itself create that problem by stating or concluding at this stage that the act of joining the Players Association alone cannot establish the agency relationship? No, Your Honor. I don't think that's the finding that Judge Klausner made. I actually disagree strongly with the characterization you heard from counsel. What Judge Klausner did was he said that individual issues predominate. Well, I disagree with you. I think what Judge Klausner said, and he said very clearly, was membership alone is not dispositive, which is tantamount to concluding at this stage on Merritt's conclusion that membership in the Players Association alone cannot create the agency relationship. Your Honor, the plaintiffs have advanced the theory of implied agency or now a duty that arises by implication from conduct. We would submit that the plaintiffs created the problem. There's no – But the court said that in its order, so there is something to review there, isn't there? Absolutely, Your Honor. There's something to review, but the problem is, unlike Adderley, where there is a signed contract between the plaintiffs and the defendant or some single unifying act or conduct to go to, the court had to address these issues under Walmart and additional precedent. There had to be some basic analysis of the claim. This is an agency that is pulled out of surrounding circumstances. There is no single document that the plaintiffs point to. There's no single act that the plaintiffs point to. So I don't know what a district court can otherwise do but make some assessment of the theory. But didn't the Players Association itself hold itself out to the third parties in the world as representing the retired players as a group? Your Honor, actually, no. And if you look at the record evidence,  For example, counsel referenced the deposition testimony of Doug Allen. He was deposed in the Adderley case, not in this case, deposed after he had left the Players Association. And when he was deposed and asked, Do you represent retired players? And he said, What does it mean to represent? He said, People who signed a GLA, a signed group licensing agreement, people who he had access to, are people who are members of the NFL Players Association. Then, by the way, that's in the excerpts of record at page 75. And if you look at the other two pieces of record evidence, the Pat Allen deposition testimony and the email from a gentleman named Clay Walker, it doesn't support at all the notion that the PA, the NFL PA, took a public position or, more importantly, a bilateral position with the plaintiffs that they were representing them for all purposes, including licensing. What you have is, you have testimony indicating that they know how to contact these people. Several thousand of them have signed written agreements with the Players Association. And that is a crucial point, Your Honor. This is an organization that undertook a program where retired players... Why isn't that a merits argument rather than a certification argument? You know, they're a member of a class, but the class loses. Well... I mean, you're arguing very well, but you're sort of arguing Grant, not Brown, it looks to me. And I share counsels. It's a problem, but, Your Honor... You guys chose to argue Brown before Grant. It wasn't my decision. I asked. I asked which one, and you decided. Maybe you went in alphabetical order, right? I actually think the court chose Brown first, although I counsel... No, we didn't choose anything. I remember here saying, which one are you going to argue first? I think we'd have the same problem if we had gone the other way. This illustrates how the district court perhaps erred in the class certification, which is it didn't decide the class certification wholly apart from the merits. It considered the merits too much in its decision and just decided that on the merits, the class wouldn't prevail. I understand the court's concern. And I'd like you to reference United Steel in your answer about your claim was abusive discretion, or the claim that was abusive discretion for the district court to decide the case of the theory of agency would fall on the merits. Doesn't United Steel control that issue? Again, I... Judge Nelson, Judge Wardlaw, I struggle to read... I'll close my ears. You're asking both questions. I struggle to read the district court's decision as an unreasonable and abusive discretion in wading into the merits. There's no way for the court to make a 23B3 determination. In this case, where there's no piece of paper, no contract, there's no unifying fact to go to. There's just an amorphous facts and circumstances, which in the Grant case, the plaintiffs tell the court, is malleable, is not susceptible to any clear set of factors. I struggle to know how a district court with a class certification motion in that context can't make some assessment of whether the basic principle of the plaintiff's theory, that by alleged membership... And there's a real doubt, by the way, as to membership. Most of the people that have been tendered as plaintiffs individually in Grant or as class representatives in Brown were not even members. And there's not even a clear definition in the plaintiff's view of what is a member. Leaving all that aside, I think a district court must, under the teachings of Walmart and consistent with the abusive discretion standard this court applies, must make some facial assessment of whether this theory that is posited in a diversity, common law, agency-based claim, of whether that is sustainable at a common, predominated 23B level. What the court did not do is say, I will never find for this class or these plaintiffs in this case. Judge Klausner had to make a determination of, is it the most appropriate way under 23B.3 for me to determine whether each of these individuals under a malleable test of facts and circumstances without a written agreement of any kind, and if we look at the record evidence, without any bilateral communication on the subject of licensing, I think the court has to make an assessment at a general level of whether that is sustainable at a common level of proof. And we submit that is what happened here. How would you define an appropriate class in this case? Judge Nelson, I don't believe there is an appropriate class because, and this is why there are so few cases where federal courts have certified classes in a fiduciary duty context. In fact, the only two the plaintiff cites to in rate computer sciences was an ERISA class action, so there's no issue that these are planned participants. We know who is in the class. There is a bilateral relationship. The other case, the Teneda case, district court decision, the court concluded there was one common question that would define the class, which was whether an attorney signing an H-1B visa form was enough to give rise to attorney-client relationship. But here we have this multi-factor analysis, multi-pronged test, and even a test, by the way, so undefined that the plaintiffs in the Grant case take horror with our citation to a California Supreme Court decision, the city of Hope Beach in NTEC, that it doesn't even set forth the factors. So we don't even know what the factors are for the claim that's asserted. So we would submit it is very challenging to certify a class in that context, so challenging that in the Adderley case, Judge Alsup in the Northern District, he was only willing to certify a class of people who had signed not any written agreement with the PA, but a specific GLA with specific language. And we submit that is the proper exercise of the court's discretion. Otherwise, we would have a class, and even Judge Clouster's order indicates doubt unresolved as to whether membership is based on payment of dues, as we submitted and as the record shows, or some generalized belief from these individuals that they, because they played in the NFL, had some ongoing membership in the Players Association. So we would struggle to concoct a class here, and that's why we think Judge Clouster got it right. Judge Warlaw, you made reference to the issue that we've raised on cross-appeal, which is this lack of predominance of any one state. We think it's a very important issue. And Judge Nelson, we understand your dissent in the Maza case, although I think actually that points to why it's particularly inappropriate here to have a class certified on a nationwide basis, as requested until 15 minutes ago. That's the first time the plaintiff's ever indicated any interest or willingness to engage on the issue of what law should apply. In Maza, Judge Nelson, your dissent was based on the fact that Honda was based in California, incorporated in California, was based in California. I think there's obviously great reason to apply the location of the defendant if you're going to look for a unifying state law to apply. We don't have that here. Players Association, Players, Inc., they are not California corporations, and the record evidence shows that 87% of the players don't live in California. Did you ever challenge personal jurisdiction in this case? Yeah, I did. Have you read the recent Supreme Court case, Walden v. Fiore? Yes, Your Honor. Do you think that affects the predominance of the law analysis? It certainly informs it, but again, we're not challenging jurisdiction. We don't have the basis to challenge jurisdiction. And if this had been put forward as a California-only class, the issue could have fallen away. And we raised this issue below, and we believe it's incumbent on the plaintiffs to address the issue. They have a burden under Maza. They didn't come forward on that burden. And up until today, they wanted a nationwide class. And that's not appropriate, particularly not only because the bulk of the plaintiffs and the class members reside outside California. California is not even those predominant states with any of the retired players. So we think Judge Klausner's decision can and should be affirmed under the abuse of discretion standard on the 23B3 issue that he found on, but also on the issue of the lack of predominance of state law and the choice of law issues that are put forward here. Had they chosen to bring this action in the domicile of the defendants and apply the law of the domicile of the defendants... This is on your cross appeal? Yes, Your Honor. I was a little curious as to why you filed a cross appeal. Well, it's... Is there some abundance of caution? Some belt of suspense? Yes, Your Honor. It's a judgment call. You could... I don't get it. I realize it's a judgment call. I don't get the judgment. Any argument you made below in support of the district court's judgment, you can raise an appeal to sustain the district court's judgment, right? Yes, Your Honor. When we've looked at the issue... What's another $600 for him? If the court... I'm just curious. We're glad for the money. I understand. We're on deficit mode. It's good to get another filing fee, but... We still didn't want to complicate the process, but when we looked at it, we couldn't get fully comfortable that we would be in a position where we couldn't argue the points. You didn't think that Judge Klozner's decision would stand on the predominance? No, not at all, but he didn't reach some of the issues we had argued, and we wanted to make sure we had the ability to argue them. But if we were to reverse on the predominance question, shouldn't we have asked Judge Klozner to determine the choice of law questions in the first instance? Your Honor, I think there's enough before the court on a legal issue that was tendered below, which the plaintiffs never engaged upon, to affirm on that basis and not remand. Remand, under that context, is obviously an option in the court. I think the better solution is, this is a class that is irreconcilably conflicted because there's all these different state laws. No one predominates. Getting back to the main issue, in the one minute that's left, why don't you tell me, in just simplest terms you know how, why isn't their claim, look, we're a member of this group, we're members of this group, and by virtue of being a member of this group, we have the right to expect that they would exercise fiduciary responsibilities towards us. You disagree with that, and they may lose ultimately, but why isn't that enough? It's a common argument that applies to every member of the class that shows commonality. Because under common law principles of fiduciary duty and agency, it's not enough to assert membership in a group to create duties. Duties arise from a set of defined circumstances which require bilateral conduct. They require bilateral assent in the agency context, or bilateral proposing of trust and confidence in this fiduciary duty context that's been raised. Doesn't a lawyer who represents a class have a fiduciary duty to every member of the class? Yes, because there's a defined attorney-client relationship. The lawyer has undertaken an attorney-client relationship. But not with individual members. Individual members out there in the hinterland. He can't sell some of them down the river to favor the main plaintiff, for example. And we have statute and federal rules that create a body of law that embraces the representation of unrepresented class members, class members not present, represented by the class rep. But the agency theories, again, these are common law theories plucked out in a diversity case. They're not susceptible  or that kind of use in a class context. Okay, thank you. Thank you, Robert. I said you'd have a minute, and you shall have it. Well, I hate to use up part of your minute, but I need to know what your theory of class membership is. Our theory of class membership is far simpler, Your Honor. I know that some of the plaintiffs testified that, some of the plaintiffs may have testified that they thought they were members in the NFLPA without paying dues. But our theory is, did you pay dues to the NFLPA if so, you were a member of the class? And that's really what we're asking for. Whatever definition of NFLPA membership is ultimately agreed upon or found by the jury, our position is that if you were a member of the NFLPA, you were in this class. And paid dues. And paid dues. Or had your dues waived by whatever the rules allowed. I'm sorry, you have 23 seconds left. I will just try and be quick because there's an important point. We are not saying that applying a nationwide class is inappropriate. We're saying that it may be inappropriate to apply Californian law to the entire class. But the California Supreme Court in the Washington Mutual Bank case, which was cited in our yellow brief, states that a class is not, per se, unmanageable merely because there is some variance in the law. And as I think Judge Wardlaw suggested, it would be for the district court to really engage in this in-depth choice of law analysis. And we would respectfully request, if this court was inclined to remand, that it remand that issue so we can really dig into the laws of the 50 jurisdictions and see whether or not these breach of fiduciary duty claims really do have laws that would make a class or subclasses unmanageable. Unless your honors have any other questions, my time has expired. Okay. So the case is argued, Brown v. National Football League Players Association, submitted.
judges: Kozinski, Nelson, Wardlaw